# James *v.* Kurtz, Appellant.

*Landlord and tenant—Subtenant—Parties—Assumpsit—Rent.*

A subtenant who is not a party to a written lease between the landlord and tenant cannot be sued in assumpsit for rent by the landlord.

*Executors and administrators—Parties—Action.*

An administrator cannot be joined with another person in the latter's individual capacity as defendant, where the matter in controversy was rent which accrued after the death of the decedent. The Act of March 22, 1861, P. L. 186, does not apply to an action brought against an administrator and another person in the latter's individual capacity for rent which had accrued since the death of the decedent, where neither of the defendants has died since the commencement of or pending the suit.

Argued May 4, 1903. Appeal, No. 18, April T., 1903, by defendant, from judgment of C. P. Cambria Co., March T., 1901, No. 361, overruling demurrer in case of David E. James, Agent of Enoch James and David E. James, Executors of Ebenezer James, Deceased, v. Margaret Kurtz, Administrator of George Kurtz, Deceased, and Adam Kurtz. Before RICE, P. J., BEAVER, ORLADY, W. D. PORTER, MORRISON and HENDERSON, JJ. Reversed.

Appeal from justice of the peace.

The material averments of the statement of claim are set forth in the opinion of the Superior Court.

*Error assigned* was in overruling demurrer to statement.

*Percy Allen Rose*, with him *Forest Rose* and *W. Horace Rose*, for appellant.—Adam Kurtz, the one defendant, not being a party to the contract, is not liable thereunder: Jackson & Gross on Landlord and Tenant (2d ed.), sec. 29, p. 23.

If the estate of George Kurtz, deceased, is jointly liable with Adam Kurtz for the rent in controversy, then the administratrix of George Kurtz, deceased, is improperly joined with Adam Kurtz in his individual capacity in the same suit: Hoskinson v. Eliot, 62 Pa. 393 ; Githers et al. v. Clarke et al., 158 Pa. 616.

*William Williams*, for appellee,

OPINION BY MORRISON, J., October 5, 1903:

This case was commenced before a justice of the peace and came into the common pleas of Cambria county on appeal by defendants. Plaintiffs having filed a declaration in the common pleas court it was demurred to by the defendants, and upon argument the court overruled the demurrer and granted judgment against the defendants, jointly, for the sum of $60.00 with interest and costs, from which judgment the defendants appealed and assigned the following errors: (1) The court erred in overruling the demurrer. (2) The court erred in entering judgment for the plaintiff on the demurrer. (3) The court having overruled the demurrer erred in not entering judgment of respondeat ouster. From the plaintiff's declaration we gather the following facts: On October 28, 1890, Ebenezer James leased unto George Kurtz for a term of five years from November 1, 1890, certain premises in the city of Johnstown, county of Cambria, being the property of said Ebenezer James. The annual rental reserved was $240, payable monthly in advance at the rate of $20.00 per month. This lease was in writing and signed by Ebenezer James and George Kurtz. On December 4, 1890, Ebenezer James received from George Kurtz the sum of $940, in full of all claims and demands under said lease until the expiration of the same, to wit: November 1, 1895; that on or about October 9, 1895, said Ebenezer James and George Kurtz agreed in writing to a continuation of said lease for one year or until November 1, 1896. A copy of the original lease, the receipt for $940, and of the agreement of October 9, 1895, is attached and made part of the plaintiff's declaration.

That said Ebenezer James performed his obligation under said lease, and the said George Kurtz and Adam Kurtz entered into the possession of said premises according to the terms of said agreement; that George Kurtz died on July 15, 1899, and Margaretta Kurtz was appointed administratrix of his estate; that said Ebenezer James died on November 15, 1896, having first made his last will and testament, which was duly proved, wherein Enoch James and David E. James were appointed executors of his estate, and David E. James was appointed to collect the rents for the real estate of the said Ebenezer James until the same is sold or disposed of; that the said real estate has not yet been disposed of; that the said George Kurtz and

Adam Kurtz continued to hold and occupy said premises, without any other or further agreement than these herein mentioned (and copies of which are to the declaration attached), until the death of the said George Kurtz, and after his death the said Adam Kurtz, without any other or further agreement continued to occupy and retain possession of said premises until November 5, 1900; that the said Adam Kurtz paid the rent for said premises according to said agreement from the time of the death of George Kurtz until August 1, 1900; that said defendants, meaning Margaretta Kurtz, administratrix of George Kurtz, deceased, and Adam Kurtz, have neglected and refused to pay the rent for the months of August, September and October, 1900. It is then averred that the defendants are indebted jointly to the plaintiffs in the sum of $60.00, being the rent for said premises for August, September and October, 1900, at $20.00 per month.

It will be observed that the original lease is between Ebenezer James and George Kurtz, both of whom were dead before this suit was commenced. Adam Kurtz was not a party to this lease. Neither did Adam Kurtz have anything to do with the payment of the $940, paid on December 4, 1890, nor is Adam Kurtz a party to the writing of October 9, 1895, between Ebenezer James and George Kurtz continuing the original lease from November 1, 1895, until November 1, 1896. It appears that George Kurtz continued to hold and occupy the premises from November 1, 1896, until his death on July 15, 1899, without any new contract. It also appears that after his death, Adam Kurtz, without any contract or agreement ever having been made by him with Ebenezer James, or with anyone for him, continued to occupy and retain possession of said premises until November 5, 1900, and that said Adam Kurtz paid the rent for said premises in the sum fixed in the agreement between Ebenezer James and George Kurtz until August 1, 1900. And this suit was brought to recover from Margaretta Kurtz, administratrix of the estate of George Kurtz, deceased, and Adam Kurtz, jointly, the rent accruing for the months of August, September and October, 1900. George Kurtz having died in July, 1899, and the rent sued for having accrued in August, September and October of the following year, and the declaration setting up no undertaking or bargain on the

part of his administratrix to use or occupy or pay rent for the premises, we do not see how this declaration shows a liability on the part of the administratrix of George Kurtz in this suit for rent. Again, Adam Kurtz never having entered into any agreement with Ebenezer James or with the plaintiffs or any one representing them to pay rent for these premises, we cannot see how he is jointly liable with the administratrix of George Kurtz for rent under the agreement of October 28, 1890, and the extension of it of October 9, 1895. The declaration shows that the suit is based upon these writings, viz : the original lease of October, 1890, and the extension of October 9, 1895.

Waiving for the present all question as to the right of David E. James, agent of Enoch James and David E. James, executors of Ebenezer James, deceased, to maintain this action, we are unable to see how Margaretta Kurtz, administratrix of George Kurtz, deceased, and Adam Kurtz, can be jointly liable for the rent claimed in this suit. The defendants' second ground of demurrer was, " The plaintiffs' demand in this case being based upon written lease between Ebenezer James and George Kurtz, to which Adam Kurtz, one of the defendants, was not a party, the said Adam Kurtz is in no way liable under the said lease." (3) "It appearing from plaintiffs' statement that Adam Kurtz was merely a subtenant of George Kurtz, there can be no recovery in this suit of rent for the said premises from the said Adam Kurtz." The seventh reason is, " The administratrix or executrix of George Kurtz, deceased, could not be joined with another in his individual capacity as defendant in the same suit." And eighth, " A recovery in this suit would require two judgments, each separate and distinct, the one as to Margaretta Kurtz, administratrix of George Kurtz, deceased, and the other as to Adam Kurtz. The plaintiffs' declaration makes it plain that the suit is based upon the original lease with the extension thereof and the holding over thereunder. Adam Kurtz, one of the defendants, not being a party to this contract could not be sued thereunder, either alone or with George Kurtz, if he were alive, nor with his legal representative. If Adam Kurtz held and occupied these premises after the death of Ebenezer James as a subtenant of George Kurtz, his goods upon the premises might be distrained for rent, but he is not liable for the rent

in an action on the contract between Ebenezer James and George Kurtz: Jackson and Gross on Landlord and Tenant, (2d ed.), sec. 29, page 23. The reason of this rule is that there is no privity between Adam Kurtz and Ebenezer James growing out of the contract between Ebenezer James and George Kurtz. If the estate of George Kurtz, deceased, is liable for the rent it is error to join his administratrix in a suit with Adam Kurtz for the collection of the same. It is error to join the administrator of a deceased partner as codefendant with the surviving partners in the action: Hoskinson et al. v. Eliot et al., 62 Pa. 393. See also Githers et al. v. Clarke et al., 158 Pa. 616.

The rent sought to be recovered in this case became due long after the date of the death of George Kurtz, and, therefore, the Act of March 22, 1861, P. L. 186, which provides in substance " that in no case now pending, or that hereafter may be brought, on any joint contract, note, deed or obligation, whether the same has been or may be commenced by summons, scire facias, or otherwise, shall the courts of this commonwealth entertain any plea of defense upon part of any heir or heirs, executor or executors, administrator or administrators, that one or more of said joint obligors, contractors, debtors or promisors has deceased since the commencement of or pending suit; but the same shall be proceeded in to judgment and execution against the estate of said decedent as though the said suit or suits had been commenced against their decedent or decedents alone ; " has no application for the reason that the rent sued for accrued after the death of George Kurtz, and even if they were joint debtors, which is not conceded, no one of them died since the commencement of or pending suit.

In our opinion the grounds of demurrer above quoted should have been sustained. We do not consider it necessary to discuss all the questions raised in this record for the reason that the law will not allow a recovery upon the facts alleged in the declaration against the administratrix of George Kurtz, deceased, and Adam Kurtz jointly. The first and second assignments of error are sustained. This view renders it unnecessary to pass upon the third assignment of error, which goes to the form of the judgment.

Judgment reversed and procedendo awarded.