# Swartz, Appellant, v. Bixler et al.

*Landlord and tenant—Lease to partnership—Covenants against underletting—Forfeiture—Death of one partner—Purchase of interest by surviving partners—Construction—Intention.*

Where a lease made to three persons engaged in business as partners contains a covenant providing for a forfeiture in case of assignment or underletting, and one of the lessees dies, whereby his interest in the lease passes to his executors, and the surviving lessees purchase such interest of the executors and continue the business, the covenant against assignment or underletting is not broken and the owner is not entitled to a forfeiture.

Argued March 11, 1918. Appeal, No. 56, Jan. T., 1918, by plaintiff, from judgment of C. P. Northampton County, Sept. T., 1917, No. 41, for defendant, on findings of fact and conclusions of law, in case tried without a jury, in case of Mark T. Swartz v. Fannie T. Bixler and Arthur B. Bixler, individually and as partners trading as A. B. Bixler & Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Ejectment for real estate in Northampton County.

McKEEN, J., filed the following opinion:

The plaintiff in the above stated case brought an action of ejectment to recover premises demised by his predecessor in title unto Fannie T. Bixler, Arthur B. Bixler and Samuel P. Ludwig, copartners, doing business as "The C. W. Bixler Company." It was agreed between the parties that trial by jury should be dispensed with and that decision should be submitted to the court in accordance with the act of assembly entitled "An Act to provide for the submission of civil cases to the decision of the court and to dispense with trial by jury" approved April 22, 1874, P. L. 109. The essential facts submitted by the parties upon which the conclusions of law must be based are not disputed. The requests for findings of facts and requests for find-

ings of law, together with the court's replies thereto, are filed herewith and made a part of this opinion. From the undisputed facts it appears that the Northampton Trust Company, Trustee, under the will of Charles Pomp, made an agreement of leasing with Fannie T. Bixler, Arthur B. Bixler and Samuel P. Ludwig, copartners doing business as "The C. W. Bixler Company" on the sixth day of July, 1911, for the premises described therein located at the northwest corner of Fourth and Northampton streets, in the City of Easton, Pennsylvania. Mark T. Swartz, the above named plaintiff, on the eighteenth day of May, 1916, acquired title to said premises subject to the lease of defendants. Samuel P. Ludwig, one of the lessees, died on the fifteenth day of June, 1916. Plaintiff received and accepted on the first day of August, 1916, the rent due from the surviving tenants for the quarter-annual period ending on that day. On the next quarter-annual period, to wit, November 1, 1916, the rent then due was tendered to plaintiff and refused by him. The lease contains the following covenant: "And the said parties of the second part also agree not to sub-let the said demised premises or any portion thereof, or to assign this lease either by themselves, judicial sale, operation of law or otherwise, without permission in writing to that effect first had and obtained from the said party of the first part." Another clause in the lease provides: "This agreement shall be binding upon the executors, administrators, successors or assigns of the parties hereto." It further appeared that letters testamentary on the last will and testament of Samuel P. Ludwig, deceased, were granted to Etta Ludwig on the twenty-sixth day of June, 1916, and that on the fifteenth day of September, 1916, the interest of Samuel P. Ludwig in the copartnership of the C. W. Bixler Company was purchased by Arthur B. Bixler, one of the surviving copartners, and that the firm name was changed to that of A. B. Bixler and Company. An inventory of the firm's assets from which the interest of Samuel P. Lud-

wig was ascertained in accordance with the terms of the articles of copartnership did not include any interest in the lease in question nor was any assignment of Samuel P. Ludwig's interest in said lease made. Plaintiff urges the court that judgment should be entered in his favor for the following reasons:

(a) The death of Samuel P. Ludwig and the passing of his interest to Etta Ludwig, the personal representative of Samuel P. Ludwig, deceased, constituted such an assignment of the lease as violated the covenant "not to sub-let the said demised premises or any portion thereof, or to assign this lease either by themselves, judicial sale, operation of law or otherwise, without permission in writing to that effect first had and obtained from the said party of the first part."

(b) The sale of the interest of Samuel P. Ludwig, deceased, in said partnership to Arthur B. Bixler constituted such a transfer or assignment as violated the covenant "not to assign this lease either by themselves, judicial sale, operation of law or otherwise."

Plaintiff's contention is in effect an attempt to enforce a forfeiture under the clause prohibiting an assignment of the lease without permission in writing first obtained of the lessor. Upon the theory that the lease was a part of the partnership assets and when the interest of Samuel P. Ludwig in the partnership assets passed first on the death of Samuel P. Ludwig to his personal representative, it was an assignment by operation of law and when the interest of Samuel P. Ludwig in the firm was sold to Arthur B. Bixler, it was an assignment of the lease by the act of the parties. The acts complained of by plaintiff in violation of the forfeiture clause in the lease did not bring any new member into the firm nor was the business of the firm discontinued. The surviving partners retained their possession of the premises and continued the business under the firm name of A. B. Bixler and Company. There is no evidence of any assignment of the lease made by the executrix of Samuel P. Ludwig.

An inventory was taken of the interest of Samuel P. Ludwig in accordance with the partnership agreement and this interest was purchased by Arthur B. Bixler, one of the surviving partners, from the executrix of said decedent. This inventory did not include a valuation of the lease and all that was transferred to Arthur B. Bixler was decedent's interest in the stock of goods contained in the store of the firm. The interest of Samuel P. Ludwig in the lease so far as the evidence discloses, remains as it was at the time of his decease. It is not asserted that the lessees assigned this lease "by themselves." In order to effect an assignment of this lease there must be some voluntary act on the part of the parties. "Covenants in restraint of assigning without license, though they prohibit the lessee from giving, granting or selling, without license, the word assign comprehending each of these modes of disposition, has ever been regarded with jealousy to prevent the restraint from going beyond the express stipulation and very easy modes have always been countenanced for defeating them.......Such assignments only without consent as are the voluntary act of the lessee amount to a breach of the covenant; and, therefore, the vesting of the term in the administrator of the lessee on his intestacy is no breach.......The same law obtains with regard to its vesting in the executor": Platt on Leases, Vol. II, p. 250. It would have been possible for the parties to provide that in the event of the death of one or more of the parties the lease was to become null and void or prohibit the continuance of the business by the survivors or survivor upon the death of one or more of the members of the firm. This was not done and the court cannot write into the lease covenants of this character. Death dissolved the partnership but it did not terminate the lease. If it could be held in accordance with the contention of plaintiff that the death of Samuel P. Ludwig and the passing of his interest to Etta Ludwig, the personal representative of Samuel P. Ludwig, constituted such an

assignment of the lease as violated the covenant "not to sub-let the said demised premises nor any portion thereof, or to assign this lease by themselves, judicial sale, operation of law or otherwise, without permission in writing to that effect first had and obtained from the said party of the first part," then we are met by the payment of the rent which was accepted and received by plaintiff on the first day of August, 1916, after the decease of Samuel P. Ludwig, and the granting of letters testamentary to Etta Ludwig which would operate as a waiver on the breach.    In 24 Cyc. 1361, it is said: "The acceptance by a landlord of rent which accrues after the breach of a condition contained in the lease is a waiver of the right to declare a forfeiture of the lease and reenter because of such breach, provided the acceptance was with full knowledge upon the part of the landlord of the fact of the breach and all the circumstances thereof." The plaintiff testified that he knew of the death of Samuel P. Ludwig at the time of his decease.    The legal construction of the lease in question must be obtained from a strict interpretation of the written intention of the parties therein expressed.    The members of the firm of the C. W. Bixler Company consisted of the estate of C. W. Bixler, represented by the executors, Fannie T. Bixler and Arthur B. Bixler, Arthur B. Bixler, individually, and Samuel P. Ludwig.    The lessees named in the premises of the lease containing the names of the parties and the date thereof are Fannie T. Bixler, Arthur B. Bixler and Samuel P. Ludwig and they have signed in like manner in the execution of the lease.    It is not material that the lease is also signed by "The C. W. Bixler Company, by Samuel P. Ludwig."    The words after their names in the premises of the lease "copartners, doing business as 'The C. W. Bixler Company'" are descriptive and have no significance as throughout the entire agreement the parties are treated as individuals.    So far as the lease is concerned they are tenants in common and as such entitled to a unity of possession.

The death of one of the lessees cannot destroy this unity of possession nor could their unity of possession be destroyed except by the joint act of the three tenants. It has not been asserted by the plaintiff nor does the evidence disclose that any written assignment has been made by the lessees which would affect their right of possession. In 2 Williams Executors, 686, it is said: "If a lease be made for a term of years upon condition that if the lessee shall assign his term without the assent of the lessor it shall be lawful for the lessor to re-enter, the term, nevertheless, shall vest in the executor or administrator without any breach of the covenant." The facts presented in the case at bar do not establish a breach of the covenant whereby the plaintiff would be entitled to recover.

The court entered judgment for defendants. Plaintiff appealed.

*Errors assigned* were in dismissing exceptions to findings of fact and conclusions of law and the judgment of the court.

*Calvin F. Smith,* of *Smith, Paff & Laub,* with him *W. S. Kirkpatrick,* of *Kirkpatrick & Maxwell,* for appellant.

*E. J. Fox,* of *E. J. and J. W. Fox,* with him *Evans and Beck,* for appellees.

PER CURIAM, May 6, 1918:

The judgment in this case is affirmed on the opinion of the learned judge below finding that the appellees were entitled to it.