A tenant who holds real estate under a lease whereby he covenanted and agreed that he would in no way alter, remodel or improve the premises, without first having obtained the written permission of the lessor, is responsible for any violation of that undertaking by a subtenant whom he allowed to occupy a part of the premises.

522 GOENNER *v.* GLUMICICH et al., Appellants.

It is not material whether or not the tenant knew that the subtenant contemplated making alterations.

*Practice, C. P.—Judgments—Openings—Trial—Issue.*

Where a judgment entered upon warrant of attorney is opened, the case may proceed to trial without the issue being framed, but it is better practice to frame a formal issue.

Argued April 17, 1923. Appeal, No. 54, April T., 1923, by defendants, from judgment of C. P. Cambria Co., Sept. T., 1921, No. 21 E. D., in favor of plaintiff non obstante veredicto in the case of Elizabeth Goenner v. Milan N. Glumicich, et al. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Amicable ejectment entered upon warrant of attorney contained in lease. Rule to open judgment made absolute. Trial before EVANS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendants. The court subsequently entered judgment for plaintiff non obstante veredicto. Defendants appealed.

*Errors assigned* were refusal to direct a verdict for the defendants and the judgment of the court.

*James A. Graham,* of *Graham & Yost,* for appellants.—The law does not favor forfeitures, and the courts will not so construe a lease as to work a forfeiture and eviction unless it is absolutely necessary: Williams et al. v. Notopolos, 259 Pa. 475; Thomas et al. v. Boyle, 265 Pa. 487; Homet v. Singer, 35 Pa. Superior Ct. 491.

*Donald E. Custer,* of *Endsley, Custer & Krebs,* for appellee.

OPINION BY TREXLER, J., July 12, 1923:

Elizabeth Goenner, the plaintiff, leased to Glumicich, the defendant, certain real estate. The lease contained a clause as follows: "And the said lessee also covenants and agrees that he will in no way alter, remodel, or improve the aforesaid premises without first having obtained in writing the consent of the lessor." There was a provision in the lease that on "failure of the said lessee to pay the installments of rent as due, keep all the covenants of the lease," etc., judgment could be entered and writ of possession, with a clause of fi. fa., issued. During the absence of her husband, Mrs. Glumicich the lessee's wife, agreed with one Andrews to sublet to him a small house standing at one corner of the property. A lease to Andrews and his wife was prepared and signed by Mrs. Glumicich, and left with an agent to be signed by Andrews, who neglected to sign it, Mrs. Andrews, however, signing it. Andrews entered upon the premises and started to make alterations, taking out partitions, windows and some weather boarding, whereupon the plaintiff entered judgment under the warrant contained in the lease. The court upon the petition of the lessee opened the judgment and the case went to trial without an issue being framed. This was permissible, but trial on a formal issue is better practice: Williams v. Notopolos, 259 Pa. 469. The question submitted to the jury was whether authority had been given Andrews to enter upon the property and take possession of it. The jury found in favor of the defendant, but the court thereafter entered judgment n. o. v.

There seems to be no doubt that the tenant Glumicich knew that his wife was going to turn over this house to the subtenant. He agreed to it by letter stating that he had talked to the proposed subtenant about it. What she did was on his behalf and with his authority. He suggested in a second letter that she should get Mrs. Goenner's permission, not as to any matter concerning the covenants in the lease, but as to the subletting against

which there was no provision in the lease. The only way Glumicich, the defendant, can get rid of the act of the subtenant in violating the provision of the lease and altering the house, would be to show that Andrews was a trespasser, but there is nothing in the case that would bear out this theory, nor support a verdict based on that fact. Mrs. Glumicich, the defendant's wife, states in her testimony she had given permission to "George" [Andrews] to use this building for a store. This she repeated in substance a number of times. Although Andrews had not signed the lease there had been permission given to him to enter. The signing of the lease was merely putting in writing the parol agreement of the parties. It is true that it does not appear that Glumicich, the tenant, knew that Andrews contemplated making alterations nor did his wife have knowledge of that fact, except that she knew the house was to be made into a store and she might have inferred that alterations would be necessary to fit the building for that use, but we do not think that this is essential to plaintiff's case. As we have already observed there was no testimony in the case warranting the conclusion that Andrews was a trespasser or entered adversely.

When Glumicich allowed him to enter and the provisions of the lease were violated thereby, Glumicich was responsible for such violation. The tenant cannot shift from his shoulders to those of the subtenant his obligation of conformity to the provisions of the lease. The words of the lease are plain. There can be no doubt as to the intention of the parties. There is an attempt in the argument to distinguish between a condition and a covenant and the courts have recognized a difference, but we do not think such distinction helps appellant's argument. The appellant cites Williams v. Notopolos, 259 Pa. 469. In that case it will be observed that the judgment in ejectment was authorized only on breach of any conditions of the lease (p. 476) and the distinction between a covenant and a condition became im-

portant, but in the present case, the lessee agrees and covenants not to make alteration and the judgment in ejectment is authorized on failure "to keep all the covenants." When the subtenant entered upon these premises his estate was bound by the covenants contained in the lease. He was not bound personally for there was no privity between him and the owner: James v. Kurtz, 23 Pa. Superior Ct. 304; the conditions, however, were inherent in the tenure which was given by the lease. The covenants ran with the land. If they were violated by the subtenant, the landlord could exercise his rights under the lease, and enter judgment. The subtenant enters the premises subject to the covenants which are contained in the original lease. In Stevenson v. Dersam, 275 Pa. 412, the Supreme Court in construing a clause containing a prohibition of subletting or assigning or making alterations, sustained a judgment by confession for breach of covenant. In that case the tenant transferred his interest in the property to another person. After the sale it was found that alterations were being made in contravention of the covenant in the lease. This with the transfer of possession amounting to a virtual assignment of the lease it was held, was a breach of the covenants which justified the entry of a judgment of ejectment.

In the case of Wheeler v. Earle, 5 Cushing, Mass. 31, where the covenant was not to occupy the premises "for dwelling houses or any unlawful purposes whatever," the court held where a subtenant offended against the above provision: "This restriction upon the manner of using the premises runs with the land, and is binding upon the estate in the hands of subtenants. They take only the title of the lessee, and with the like limitations and restrictions. Such use by a subtenant holding under the original lessee, for an unlawful purpose, would equally forfeit the estate. This principle seems very clear, and hence, in the treatises upon the relation of landlord and tenant, it is said that when an estate is

held subject to forfeiture, for breaches of numerous cove-
nants or stipulations, some of which may be likely to be
violated, it is expedient always to take from a sublessee
good security against all such violations of the various
stipulations in the original lease, as may subject the
original lessee to lose his whole estate.   By creating sub-
tenants, the original lessee puts them in possession of
the premises, and being thus in under him, their act, if
in violation of the condition of the lease, will cause a for-
feiture."

The judgment of the lower court is affirmed.   Appel-
lant to pay the costs.