## Burke et al. to use v. Bryant et al., Appellants.

*Landlord and tenant — Lease — Violation of covenants— Illegal use of premises for liquor purposes—Forfeiture of lease—Knowledge — Subtenants — Obligation of contracts — Taking property without due process of law—Constitutional law—Police powers— Liquor law—Volstead Act of October 28, 1919, 41 St. of L. 305, 315.*

1. Where a tenant permits a subtenant to use the premises in violation of the liquor laws, the lessor may forfeit the lease without a conviction of the lessee.

2. The consequences of the illegal act as far as the public is concerned, may result in fine and imprisonment, but, so far as it relates to the lessor, his protection lies in forfeiture. It is a separate and distinct redress.

3. A single violation of the Volstead Act is sufficient to declare a forfeiture.

4. The application of section 23, title II, of the Volstead Act of October 28, 1919, c. 85, 41 St. at L. 305, 315, providing for forfeiture of leases where lessees use the premises in violation of the liquor law, does not impair the obligation of a contract, or involve the taking of property without due process of law.

5. Even before the 18th amendment and the Volstead Act, the control, sale and possession of liquors was within the police powers of the state.

6. All contracts are made in subordination to a prospective exercise of the police power within legitimate limits by the State or by the Federal Government under the 18th amendment.

7. Where a lessor-owner assigns a lease, the assignee has a right to declare a forfeiture where there has been a violation of the liquor laws on the premises.

8. A lessee is responsible for any violation of the covenants of the lease, and it is not material whether he knew of such violation or not. The covenants run with the land.

9. Where a forfeiture of a lease is based on a violation of the liquor law and not on the provisions of the lease, no question of a waiver of the covenants of the lease arises.

10. An essential element in considering a waiver of a breach of covenant in a lease, is knowledge of the breach.

11. Where a lease has been forfeited for a violation of the liquor laws, the court will not consider the question whether the lessor was restricted as to forfeiture to a breach of certain specific prohibitions contained in the lease.

*Appeals — Question not considered in court below — Opening judgment.*

12. On appeal from judgment on verdict for plaintiff rendered at the trial of a feigned issue to determine the validity of the judgment, the appellate court will consider only the questions raised by the petition to open and the answer and matters passed upon by the court below at the trial.


Argued January 27, 1925.    Appeal, No. 205, Jan. T., 1925, by defendants, from judgment of C. P. Luzerne Co., Oct. T., 1923, No. 295, on verdict for plaintiffs, in case of J. M. Burke to use of A. Berry et al., and now to use of Meyer Cohen et al., v. Burt B. Bryant et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Issue to determine validity of judgment in ejectment entered under warrant in lease.  Before FULLER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs.  Defendants appealed.

*Errors assigned* were various rulings and instructions and refusal of judgment for defendant n. o. v., quoting record.

*John E. Jenkins,* with him *M. H. McAniff,* for appellants.—To work forfeiture of property for crime, conviction must precede forfeiture; and no conviction under the Volstead Act was shown.

The right to declare forfeiture and make re-entry is exclusively in the reversioner; use-plaintiffs did not acquire it by their assignment: Hoskins v. Houston, 2 Clark 489.

No ground of forfeiture arose under the lease, available even for the reversioner: Thompson v. Christie, 138 Pa. 230; Steiner v. Trust Co., 274 Pa. 341; Wick v. Bredin, 189 Pa. 83.

*W. A. Valentine,* with him *Herman J. Goldberg,* for appellees.—The use of the premises for any purpose other than "garage and storage" constituted a cause of forfeiture.

The illegal use of the premises constituted a cause for forfeiture under section 23 of the Volstead Act and a conviction for the violation is not a prerequisite to such forfeiture: Com. v. Allen, 70 Pa. 465; Leiper v. R. R., 262 Pa. 328; Nolan v. Jones, 263 Pa. 124.

The lease is subject to forfeiture for violation of its terms or of the Volstead Act by the subtenants of appellants: Goenner v. Glumicich, 81 Pa. Superior Ct. 521; Grossman v. U. S., 280 Fed. 683; Com. v. Shinfield, 83 Pa. Superior Ct. 292; Strong v. Nesbitt, 267 Pa. 294; Cochran v. Zimmerman, 253 Pa. 155.

OPINION BY MR. JUSTICE KEPHART, March 25, 1925:

The owners of a building and land in Wilkes-Barre, leased the premises to Bryant and Bell "for the purpose of garage and storage" for a term of ten years. The lease provides, the "premises shall not be used for any purposes contrary to this agreement, and in case of violating this agreement the lessors may, at their option, declare the term of this lease at an end." The lessees sublet the premises, as they were privileged to do, to Harry Bloom. The clauses governing subletting give to the lessors or their assignees the same rights and powers against subtenants as against original lessees. The lessor-owners assigned the lease, with all its terms and conditions, to Berry and Cohen, who subsequently assigned to the present use-plaintiffs.

As the result of a police raid on May 28, 1923, a large still, with the necessary equipment for distillation of medicated alcohol, was discovered thereon in full operation, and was confiscated. The plaintiffs, on learning of this use of the property, proceeded to regain possession by confession of judgment in ejectment against the original lessees by virtue of a warrant of attorney contained in the lease, declaring a forfeiture, in their affidavit of default, because of a violation of the terms of the lease, and because of the provisions of the Volstead Act. Bloom denied any connection with the still, charging another who had the privilege of occupying for a short time a small boarded off portion of the building as responsible. The court below, on petition, opened the judgment thus entered, and, at the trial subsequently held, the jury found the premises were used for purposes contrary to the lease and the law, with Bloom's knowledge and connivance. Judgment was entered on the verdict.

This appeal raises some very interesting and important questions which we must consider: (1st) whether the doing of things which constitute a violation of the Volstead Act may, under section 23 of that act, work,

at the lessor's option, a forfeiture of the lease, and, if so, whether the impairment of the obligation of a contract or the taking of property without due process of law would result; (2d) whether, if such acts could validly work a forfeiture, a conviction following criminal prosecution is a necessary prerequisite to a forfeiture; (3d) whether, if possible without a conviction, a single violation will authorize forfeiture; . (4th) whether the right to terminate the lease for forfeiture is exclusively in the original lessors, the owners, and whether the lessors' assignees, the present use-plaintiffs, also have that right.

The last clause of section 23 of Title II of the Volstead Act reads, "Any violation of this title upon any leased premises by the lessee or occupant thereof shall, at the option of the lessor, work a forfeiture of the lease": Act of Oct. 28, 1919, c. 85, 41 St. at L. 305, 315.

Appellants contend that to apply this section against them would impair the obligation of a contract and take from them property without due process of law. Long before the Volstead and state enforcement acts, the Supreme Court of the United States held that the control and regulation of the manufacture, sale and possession of liquors was within the police powers of the state. In Samuels v. McCurdy, 000 U. S. 000, it is stated "It must now be regarded as settled that, on account of their well-known noxious qualities and the extraordinary evils......, a state has power absolutely to prohibit manufacture, gift, purchase, sale, or transportation of [such] liquors within its borders without violating the guarantees of the Fourteenth Amendment," citing a number of authorities. The Eighteenth Amendment to the Federal Constitution conferred on Congress the same police power with reference to intoxicating liquors as that possessed by the several states: U. S. v. Cohen, 268 Fed. 420. It is a well recognized principle of law that all contracts are made in subordination to a prospective exercise of the police power within legitimate limits by the state (Relief

Electric Light, Heat and Power Company's Petition, 63 Pa. Superior Ct. 1, 7; Suburban Water Co. v. Oakmont Borough, 268 Pa. 243, 252; Leiper v. The Baltimore & Phila. R. R. Co., 262 Pa. 328), or by the federal government under the Eighteenth Amendment. Though the enforcement acts were passed several years after this contract was executed, the possibility of their passage was always present, and contracts are made with that possibility in view. Contracts which may indirectly or incidentally be concerned with matters coming within the field of prohibition legislation must be construed as having been executed with the possibility of such legislation in view. Therefore the provisions of these acts apply to the present contract, making the violation thereof a cause for forfeiture. Moreover, the constitutional prohibition against the impairment of the obligation of contracts does not apply to the federal government. The forfeiture of leases where the premises have been used in violation of the liquor laws is a valid exercise of the police power as being an aid to prohibition. It has a direct effect on the enforcement of the law. If violators of the law were permitted to remain in possession, enforcement would be rendered increasingly difficult, whereas if the premises are returned the maintenance of public morality is secured. It is very important that a lawless occupant should be completely ejected by a law-abiding lessor. Forfeitures under this section of the Volstead Act have been upheld: Grossman v. U. S., 280 Fed. 683; U. S. v. Boynton, 297 Fed. 261; Farrelly v. Wells, 115 N. Y. Misc. 632, 189 N. Y. Supp. 34. There is no denial of due process because the forfeiture was to be effected as in other cases.

No conviction was had on an indictment or other charge involving forfeiture for violation of these acts. While it may be true that in this State opium devices, nets and fishing appliances, guns and hunting paraphernalia which have been illegally used, are held for destruction or forfeiture until after conviction, and

under certain circumstances property subject to forfeiture under the Enforcement Acts, must first be condemned by decree of court, the express language of this section (11, A. B., 39) contemplates no such construction with respect to forfeiting a lease. The language of the act is "Any violation of this title upon any leased premises by the lessee or occupant thereof shall at the option of the lessor work a forfeiture." The cause of forfeiture arises when the unlawful relation is shown to exist. A conviction is unnecessary. The consequences of the act, so far as the public is concerned, may result in fine and imprisonment, but, as it relates to the owner of the premises, his protection lies in forfeiture. It is a separate, distinct and independent redress, different from the government's right to convict or resort to padlock proceedings. See Com. v. Allen, 70 Pa. 465, 471. A decree abating a nuisance and cancelling a lease for violation of section 23 of the Volstead Act was sustained in Grossman v. U. S., 280 Fed. 683, without conviction, and suits to abate a liquor nuisance need not await the determination of a pending prosecution: U. S. v. Reisenweber, 288 Fed. 520; Lewinsohn v. U. S., 278 Fed. 421.

It is urged that a single violation of the Volstead Act would not be sufficient to declare a forfeiture. The acts do not so state. The authorities cited by appellant with respect to waste in cutting trees in a wood lot (Waples v. Waples, 2 Harr. (Del.) 281; Padelford v. Padelford, 7 Pick. (Mass.) 152), removal of a stone wall, waste in a dwelling house, and kindred matters, have no parallel relation to a criminal statute enacted for the purpose of protecting the public against extraordinary evils arising from the use of intoxicating liquors.

It is argued that the reversioner was the only person who could declare a forfeiture. It is conceded the ownership of the reversion in fee was not in the use-plaintiffs, and that an assignment of the lease, with the owners' rights accruing thereunder, was made to use-plaintiffs. When the petition to open the judgment was filed it

admitted that the use-plaintiffs succeeded to the interests of the owners of the property, but asked that judgment be opened because Bloom had at all times used the demised premises in accordance with the provisions and covenants of the lease.    By the agreement of October 11, 1922, appellants recognized title in appellees, and no controversy was raised in the court below on the right of plaintiffs to stand in the shoes of the original lessors. Our consideration of this appeal will be limited to the questions raised by petition and answer and in the court below: Shapiro v. Malarkey, 278 Pa. 78.    Parties in a position similar to that of the use-plaintiffs here were held to be proper parties to enforce such a forfeiture as this one, in U. S. v. Boynton, 297 Fed. 261.

The tenant was responsible for any violation of the covenants of the lease by the subtenant, and it is not material whether he knew of such violation or not: Goenner v. Glumicich, 81 Pa. Superior Ct. 521.    Where a subtenant offends against a provision prohibiting the occupation of the premises for dwelling houses or any unlawful purpose, the restriction on the manner of use runs with the land, and is binding on the estate in the hands of subtenants: Wheeler v. Earle, 5 Cushing (Mass.) 31.

The plaintiffs assigned as a cause of forfeiture the fact that the lease provided that the premises were to be used "for the purpose of a garage and storage" and "shall not be used for any purpose contrary to this agreement" and that "in case of violating this agreement" the lessors or their assigns could regain possession, plus the fact of violating the law which, they say, is a violation of the agreement of leasing.    The appellants argue that the general phrase "shall not be used for any purpose contrary to this agreement" describes no event on which a forfeiture can be predicated and that it is to be confined to certain specific prohibitions in the lease which have not been violated, and that no cause of forfeiture under the lease has arisen.    In view of our conclusion that the

statute gave a good and valid cause of forfeiture, it is unnecessary for us to decide this additional question.

The offer to show waiver of forfeiture under the lease by the payment of rent cannot be sustained for two sufficient reasons,—the offer failed to show knowledge (Swartz v. Bixler, 261 Pa. 282, 286), an essential element in considering waiver or ratification (Walker v. Harbison, 283 Pa. 111), and the forfeiture not now being based on the provisions of the lease, there is no question of its waiver.

The evidence shows all the elements necessary to sustain the verdict; the motion for judgment n. o. v. was properly disallowed.

Judgment affirmed.