## UNITED STATES v. RADICE et al.

Circuit Court of Appeals, Second Circuit. December 9, 1929.

No. 183.

CHASE, Circuit Judge (after stating the facts as above). Glendenning does not, and cannot, after United States v. Duignan (C. C. A.) 4 F.(2d) 983, affirmed Duignan v. United States, 274 U. S. 195, 47 S. Ct. 566, 71 L. Ed. 996, and United States v. Gaffney et al. (C. C. A.) 10 F.(2d) 694, deny the power to decree the lease forfeited, but bases his appeal on the ground that the owner, in filing its cross-bill for a forfeiture, did not come into equity with clean hands. The only possible basis for such a claim lies in the fact that from the time the owner had notice that Radice was violating the law it did nothing more than notify its lessee, Glendenning, and his agent, that Glendenning must act to prevent further violations by his tenant.

The Radice premises were "leased premises," within the meaning of title 27, section 37, USCA both under the owner's lease to Glendenning and under Glendenning's lease to Radice. Any violation of the prohibition law thereon by Radice was a violation by the "lessee" as to Glendenning, and at least violation by an "occupant" as to the owner. The same causes of action these parties asserted in their cross-bills in this suit were available to them when Radice first violated the law, for both were "lessors." One violation by Radice was enough to make the statute applicable. Burke v. Bryant, 283 Pa. 114, 128 A. 821.

Neither the owner nor Glendenning had anything to do with the unlawful business of Radice, except as lessors who took no legal action to terminate the respective leases they had given, after notice of Radice's wrongdoing. The notice the owner gave Glendenning, however, was effective to forestall any idea Glendenning may otherwise have had that the owner assumed a complacent attitude toward the conduct of Radice. Thereafter, if not before, Glendenning had reason to believe that the duration of his lease was imperiled by the unlawful acts of his tenant. The delay of the owner to assert its right under the National Prohibition Act in no way misled or harmed Glendenning. On the contrary, he had ample warning of the attitude of the owner, and adequate opportunity to protect his lease, by taking steps to rid the property of a liquor nuisance maintained by his own tenant. Having elected to take no action, he has invited the consequences. In giving him more than enough time, perhaps, to correct conditions on the premises, the owner was guilty of no inequitable conduct, which would call into play the far-reaching maxim that "he who comes in equity must do so with clean hands."

Decree affirmed.

Frederick Durgan, of New York City, for appellant.

Brill, Bergenfeld & Brill, of New York City (Sanford H. Cohen, of New York City, of counsel), for appellee 154 West 14th Street Co., Inc.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.