## Sands' License

*Davis R. Hobbs,* for petitioner.
*Daniel J. F. Flood,* for Commonwealth.

FARR, P. J., August 6, 1936.—This is an application to strike off the forfeiture of a bond given by the licensee in the above-entitled matter. On May 8, 1936, the court revoked said license and forfeited the bond upon proof that alcoholic liquors were kept on the premises in violation of section 23 of the Beverage License Law of July 18, 1935, P. L. 1217. This malt liquor license was granted by the County Treasurer of Wyoming County on May 27, 1935. On the same day the bond in the usual form, in the sum of $1,000, was executed by the principal, Stanley Sands, and by his sureties, C. H. Dixon and John Harvey, and this was filed with the county treasurer on May 27, 1935, and approved by him. On May 27, 1936, upon the petition of said sureties, C. H. Dixon and John Harvey, this rule was granted.

The contention of the bondsmen is: (1) That the possession of liquor upon the licensed premises is not a breach of the condition of the bond; (2) that the bond in question was given under the Beverage License Law of May 3, 1933, P. L. 252, sec. 18, and is a statutory bond and must be construed under the act under which it was given; (3) that the law prohibiting the possession of liquor on the licensed premises is not a law relating to the sale of beverages.

The bond in question was given in pursuance of section 18 of the Beverage License Law of May 3, 1933, P. L. 252, which provides:

"All such bonds shall be conditioned for the faithful observance of all of the laws of the Commonwealth relating to the sale of beverages, or relating to the manufacture, sale or transportation of alcohol or any other alcoholic beverages."

The recital in the bond is:

"Whereas, the above bounden principal desires to obtain a retailer's license for the year ending May 31, 1936, at Dark Hollow, Washington Township in the County of Wyoming, under the provisions of the Act of Assembly of May 3, 1933, No. 91, known as the Beverage License Law".

The condition is:

"Now THEREFORE, the condition of this obligation is such that if upon and after the issue of such license the above bounden principal shall fully and faithfully observe the provisions of all the laws of this Commonwealth relating to the sale of beverages and all laws relating to the manufacture, sale or transportation of alcohol or of any other alcoholic beverages, then this obligation shall be void; otherwise it shall remain in full force, virtue and effect. . . .

"And the obligors, jointly and severally, for themselves, their heirs, executors, administrators, successors and assigns, do agree with the Commonwealth of Pennsylvania that upon the violation of the said Act of May 3,

1933 known as the Beverage License Law or of any other laws of this Commonwealth relating to the sale of beverages or relating to the manufacture, sale or transportation of alcohol or alcoholic beverages and upon the revocation of the license aforesaid for any such violation during the continuance of said license the full amount of this bond shall be due and payable."

I am not unmindful of the principle announced in Burke et al., to use, v. Bryant et al., 283 Pa. 114, wherein it was said, at page 118: "It is a well recognized principle of law that all contracts are made in subordination to a prospective exercise of the police power within legitimate limits by the state". But nowhere have I found this principle applied to a bond.

The Beverage License Law of 1933 contained no provision against the possession of alcoholic beverages upon the licensed premises. This bond was executed and filed nearly two months before the passage of the Beverage License Law of 1935, which latter act enlarged the Act of 1933 by adding subsection (*n*) of section 23, which provides that it shall be unlawful:

"For any distributor, importing distributor, retailer to have in his possession on any licensed premises, or to permit the storage on the licensed premises, of any spirituous, vinous or alcoholic liquors or alcohol of any sort except malt or brewed beverages."

It will readily be observed that this subsequent act would cast upon the bondsmen an additional hazard not contained in or contemplated by the Act of 1933 or in the bond, and for this reason the court was without authority to forfeit the bond: Crawley et al. v. Commonwealth, 123 Pa. 275.

As to the next question, whether the possession of alcohol upon the licensed premises is a violation of the law relating to the sale of beverages or relating to the manufacture, sale or transportation of alcohol or alcoholic beverages as affecting this bond, we must answer in the negative: Revocation of Mark's License, 115 Pa. Superior Ct. 256, 266.

In the latter case it was held that the violation of the Beverage License Law of 1935 by the applicant for the license, in that he made a false answer to one of the questions in the application, was not a violation of the law relating to the sale of beverages or relating to the manuture, sale or transportation of alcohol or alcoholic beverages. With equal force we may say that the possession of liquor on the licensed premises does not relate to the sale of beverages or relate to the manufacture, sale or transportation of alcohol or alcoholic beverages.

And now, August 6, 1936, the rule is made absolute and the order heretofore made on May 8, 1936, forfeiting the bond in this case, is revoked.