# ALLEN v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. January 3, 1922.)

No. 2949.

1. **Injunction ⟨⟩219—When court has jurisdiction, temporary injunction must be obeyed, regardless of sufficiency of bill.**

   Where the court has jurisdiction over the subject-matter, the measure of the required observance of a temporary injunction order is not the bill filed, but the order itself, and defendant must yield obedience thereto, whether or not a cause of action is technically or sufficiently stated by the bill.

2. **Injunction ⟨⟩129(1), 163(1)—Defendant may move to dismiss bill or dissolve a temporary injunction, if bill insufficient.**

   In a suit for an injunction, if the bill is not sufficient, defendant may move to dismiss, or may move to dissolve the temporary injunction issued under it.

3. **Injunction ⟨⟩230(3)—On contempt hearing, proceedings in suit properly admissible to show suit pending and service of injunction.**

   On the hearing of a contempt charge, based on violation of a temporary injunction restraining defendant from conducting or permitting a public nuisance contrary to the Volstead Act, the original pleadings and other files, including affidavits filed with the bill, were properly admitted to show that an action was pending, and that defendant had been served with an injunctional order.

4. **Injunction ⟨⟩231—On contempt hearing, court could not have been confused or misled by admission of moving affidavits, on which injunction granted.**

   On the hearing of a contempt charge, based on violation of a temporary injunction against conducting or permitting a public nuisance, in violation of the Volstead Act, as the issue had reference only to occurrences after the injunction issued, while the affidavits filed with the bill were of facts whereon the order was issued, the court, trying the cause without a jury, could not have been confused or misled by such affidavits, which evidently were admitted, not as proof of their allegations, but only as a part of the moving papers in the cause.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the United States against William Allen. Order finding defendant guilty of contempt, and he brings error. Affirmed.

J. P. Klein, of Chicago, Ill., for plaintiff in error.

E. J. Brundage, Atty. Gen., and C. W. Middlekauff, U. S. Atty., and Jacob I. Grossman, both of Chicago, Ill., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ALSCHULER, Circuit Judge. The writ of error is prosecuted from an order of the District Court finding plaintiff in error guilty of contempt of court, through his violation of the terms of a temporary injunction order made November 26, 1920, restraining him from conducting or permitting a public nuisance upon the premises described, pursuant to a bill and affidavits filed under the provisions of the Volstead Act (41 Stat. 305). Most of the questions raised have been considered and disposed of by this court in the recently decided case of Lewinsohn v. United States, 278 Fed. 421.

[1, 2] It is objected that the bill filed does not properly charge that a public nuisance was being conducted on the premises. Where the court has jurisdiction over the subject-matter, the measure of the required observance of a temporary injunctional order is not the bill filed, but the injunctional order itself. To this the defendant in the action must yield obedience, regardless of whether or not a cause of action is technically or sufficiently stated by the bill. If the bill is not sufficient, defendant may move to dismiss it, or may move to dissolve the temporary injunction issued under it. Here the bill was answered.

[3, 4] It is further objected that, upon hearing of the contempt charge, the original bill and answer and other files, including affidavits filed with the bill, were admitted in evidence. Evidently the primary purpose of these was to show that there was an action pending, and that plaintiff in error had been served with an injunctional order. This was, of course, not improper or erroneous. There was no error in admitting the affidavits. They had no bearing on the issue of contempt. The affidavits were of facts whereon the injunctional order was issued. The issue in the contempt proceeding was the violation of the injunctional order, and had reference only to occurrences after the injunction had issued. Surely the court, which without jury tried the cause, was not confused or misled by these affidavits, which evidently were admitted, not as proof of the irrelevant allegations therein, but only as a part of the moving papers in the cause.

As to alleged contempt, consisting of alleged open sales of intoxicating liquors in the premises subject to the injunction, there was oral testimony, which was heard by the court, which, if true, was sufficient to justify the finding of contempt. There is nothing inherent in the evidence wherefrom we would be warranted in disturbing the conclusions of fact reached by the District Court, which had better opportunity than we have to pass upon the credibility of the witnesses and the weight of conflicting evidence. There is a slight discrepancy in certain dates appearing in an early order in the cause, but this had no bearing upon the rights of the parties.

No reversible error appearing from the record, the judgment of the District Court is affirmed.