GROSSMAN v. UNITED STATES ex rel. BRUNDAGE. SAME v. FRANK et al. SAME v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. February 7, 1922.)

Nos. 2991, 2992, 2930.

1. **Courts ⬅262(3)—Rules apply to suits under Prohibition Act, unless contrary to its provisions.**

It was unnecessary for Congress to confer jurisdiction on a court of equity to abate nuisances and to restrain individuals from maintaining them, or to punish for violation of its restraining order, as was done by the National Prohibition Act, since federal courts of equity exercised such jurisdiction long before the adoption of that act, and equity rules applicable to federal court practice apply to equity suits under the National Prohibition Act, unless some contrary provision is found in the act.

2. **Equity ⬅204—Complainant need not be served with process to give jurisdiction over cross-complaint.**

A decree entered on a cross-complaint is not invalid, because no process was issued and served on complainant, pursuant to the relief prayed for in the cross-complaint.

3. **Equity ⬅204—Answer to cross-complaint and trial on merits waived objections to want of service.**

If service of process under the cross-complaint were necessary, the failure to make such service is waived by complainant's answer to the cross-complaint and by the trial on the merits.

4. **Equity ⬅195—Landlord can maintain cross-complaint to forfeit lease in suit to abate nuisance maintained by tenant.**

In a suit brought against a tenant and his landlords to abate a liquor nuisance under the National Prohibition Act, a cross-complaint by the landlords, seeking a forfeiture of the lease under section 23 of that act, is germane to the subject-matter of the bill, and can be maintained, if the landlords are innocent of the wrongdoing of their tenant.

5. **Intoxicating liquors ⬅265—Landlords cannot close eyes to nuisance maintained by tenant.**

The landlord of a tenant, who is maintaining a liquor nuisance on the premises, cannot close his eyes to obvious facts and still plead innocence,

but may be chargeable with knowledge of the use to which the premises are put, if the facts reasonably warrant such a conclusion, notwithstanding his profession of ignorance of such uses.

Appeals from and in Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the United States, on the relation of Edward J. Brundage, against Phillip Grossman, Milton R. Frank, and others to abate a nuisance. From a decree abating the nuisance, and also from a decree sustaining the counterclaim of defendants Frank and others for cancellation of the lease, the defendant Grossman separately appeals, and also brings error to review a judgment against him in proceedings for contempt for violation of the decree. Decrees and judgment affirmed.

Cameron Latter, of Chicago, Ill., for appellant and plaintiff in error.

C. W. Middlekauff and Jacob J. Grossman, both of Chicago, Ill., for appellee and defendant in error.

Before ALSCHULER and EVANS, Circuit Judges.

EVANS, Circuit Judge. The foregoing two appeals in 2991 and 2992 and the writ of error in 2930 can well be determined in one opinion. In No. 2930 plaintiff in error attacks a judgment pronounced against him in a contempt proceeding arising out of his alleged failure to obey the order of the court made in an equity suit to abate a nuisance. Nos. 2991 and 2992 are appeals from decrees rendered in such equity suit.

The decree thus entered is attacked: (a) Because of the relief accorded appellee the United States, the complainant in the District Court (No. 2991); and (b) because of the relief given the codefendants, Frank and Garmany (No. 2992), the owners of the premises. No assignment of error is presented in No. 2991 that was not determined adversely to appellant by the opinions in Lewinsohn v. U. S. (C. C. A.) 278 Fed. 421, and Allen v. U. S. (C. C. A.) 278 Fed. 429, and further discussion thereof is unnecessary.

As to the relief in favor of the codefendants, the owners of the property, it is urged that error was committed because the cross-complaint was insufficient to support the decree. The court found and decreed:

"And it is also found by the court that the cross-complainants named were not participators in the acts constituting such nuisance, and are the owners of the property described; that said Grossman was and is tenant holding under the lease described in the cross-bill and pleadings. * * * And it is further ordered that the lease heretofore held by said Grossman be delivered by the said Grossman to the said cross-complainants, Milton R. Frank, Seymour J. Frank and Perle Kemp-Garmany, to be canceled."

That the evidence supported the finding cannot be questioned. The issue is therefore limited to the contention that the cross-bill did not justify the entry of the decree.

[1] Much confusion might be avoided if counsel recognized that federal courts possessed and exercised equity jurisdiction long before the passage of the National Prohibition Act (41 Stat. 305). To illustrate: It needed no act of Congress to confer jurisdiction upon a court of equity to abate nuisances and to restrain individuals from maintain-

ing them. Nor did it require an enabling act that a court might punish those who violated its restraining order. Likewise the equity rules applicable to federal court practice apply in all equity suits, including those brought under the National Prohibition Act, unless some contrary provision may be found in the act.

In this suit the owners of the premises were made defendants in the equity suit along with the tenant, who, it was charged, was maintaining a nuisance on the leased premises. Not only did the complainant pray that the nuisance be abated, but it also sought to close the premises for the period of a year. To the granting of this last sought relief the landlords were opposed. They pleaded their ignorance of the actions and conduct of the tenant and the conditions existing in the leased premises. They set forth all of the facts showing ownership, lease, etc., and further alleged that, if the tenant was maintaining a nuisance or disobeying any injunctional order of the court, they desired the lease canceled. In their prayer for relief they asked "that the lease may be canceled and declared forfeited as against said Grossman." They also offered, in case appellant's lease was terminated, to give complainant a bond conditional upon their next tenant's respecting the law and conducting a lawful and orderly business in the premises. To this cross-complaint appellant Grossman answered fully. The last clause of section 23 of the National Prohibition Act provides:

"Any violation of this title upon any leased premises by the lessee or occupant thereof shall, at the option of the lessor, work a forfeiture of the lease."

[2, 3] In attacking the decree entered in favor of the cross-complainants against appellant, it is first urged that no process was issued and served upon Grossman pursuant to the relief prayed for in the cross-complaint. This was unnecessary. Kingsbury v. Buckner, 134 U. S. 676, 10 Sup. Ct. 638, 33 L. Ed. 1047. The answer of Grossman and the trial on the merits would in any case have overcome this failure.

[4] Coming to the allegation of the bill, we find the situation somewhat unusual. The owners were not in possession of the premises. The tenant Grossman was charged by the government with a violation of the National Prohibition Act and the maintenance of a nuisance. This charge he denied. The owners, professing to be law-abiding citizens, desirous of respecting the law, anxious to protect their property, but uncertain as to the facts, answered in the equity suit and asserted that they were innocent of any wrongdoing and that they wished the lease terminated, and prayed for its termination and the ouster of the codefendant Grossman.

[5] These facts, if established, would appeal favorably to a court of equity. The court might not conclude to dispossess the landlord, if it appeared that he was innocent of the uses to which his property was being put by the tenant and manifested a desire to co-operate in abating the nuisance. Of course, the landlord cannot close his eyes to the obvious and still plead innocence. He may be chargeable with knowledge concerning the character of, and the uses to which, the premises are put, if the facts reasonably warrant such a conclusion,

notwithstanding he professes his ignorance of such uses. His attitude toward the tenant, after being informed of the latter's misconduct, might, and probably would, be determinative of the state of his mind. and his knowledge of the tenant's wrongdoing; for it is hardly conceivable that a law-respecting landlord would not avail himself of the above-quoted provision of the National Prohibition Act and seek to oust the tenant, upon discovering that his premises were being maintained as a nuisance by such tenant. On the other hand, the landlord who repudiates the tenant's action immediately upon learning of the facts, and who at the first opportunity avails himself of a remedy open to him to oust the tenant from the premises, necessarily places himself in a position of vantage when it comes to the terms of the decree finally entered.

We have, then, under consideration a cross-bill where the subject-matter is germane to that of the original bill. The relief sought was expressly provided for by the statute. Irrespective of the provisions of the National Prohibition Act, a landlord leasing premises for lawful purposes would be entitled to a termination of the lease, in case the tenant violated the law and maintained a nuisance upon the premises. The defendant Grossman was not deceived by the pleading, for he answered the cross-complaint as well as the original complaint fully, and denied the misconduct with which he was charged.

We conclude that the allegations in the cross-complaint were sufficient to support the decree; that it constituted an election to terminate the lease because of the tenant's violations of the law; that it was a relief which the court was permitted to grant in a suit of this character.

In No. 2930 plaintiff in error, in addition to those assignments determined in Lewinsohn v. U. S., charges the insufficiency of the evidence to support the order. Our examination of the record convinces us that this assignment is without merit, and the judgment in No. 2930 and the decrees in Nos. 2991 and 2992 must be and they are hereby affirmed.