## WEDEL v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 10, 1924.)

### No. 4247.

Intoxicating liquors ☞21—Provision of Prohibition Act, authorizing summary punishment for contempt for violation of injunction against nuisance, held valid.

The provision of Prohibition Act, tit. (2, § 24 (Comp. St. Ann. Supp. 1923, § 10138½ll), authorizing a court of equity to summarily try and punish a defendant for contempt for violation of an injunction restraining continuance of a nuisance, is constitutional and valid.

In Error to the District Court of the United States for the Northern Division of the Northern District of California; John S. Partridge, Judge.

Suit in equity by the United States against Charles Wedel. From a judgment for contempt for violating an injunction, defendant brings error. Affirmed.

Morris Oppenheim and Benjamin I. Bloch, both of San Francisco, Cal., for plaintiff in error.

Sterling Carr, U. S. Atty., and Thos. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. Section 21 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½jj) declares that any room, house, building, boat, vehicle, structure or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of the act, is a common nuisance. Section 22 (Comp. St. Ann. Supp. 1923, § 10138½k) provides that an action to enjoin any such nuisance may be brought in the name of the United States, by the Attorney General of the United States, or by any United States attorney, or any prosecuting

attorney of any state or any subdivision thereof, or by the commissioner, or by his deputies or assistants; that such action shall be brought and tried as an action in equity, and may be brought in any court having jurisdiction to hear and determine equity cases; and that, if it is made to appear by affidavits, or otherwise, to the satisfaction of the court, or judge in vacation, that such nuisance exists, a temporary injunction shall forthwith issue restraining the defendant from conducting or continuing such nuisance until the conclusion of the trial. Section 24 (Comp. St. Ann. Supp. 1923, § 10138½ll) provides that, in case of the violation of any injunction, temporary or permanent, granted in pursuance of the provisions of the act, the court, or in vacation the judge thereof, may summarily try and punish the defendant; that the proceedings for punishment for contempt shall be commenced by filing, with the clerk of the court from which the injunction issued, information, under oath, setting out the alleged facts constituting the violation, whereupon the court, or judge, shall forthwith cause a warrant to issue under which the defendant shall be arrested; that the trial may be had on affidavits, or either party may demand production and oral examination of witnesses; and that any person found guilty of contempt shall be punished as therein provided.

This is a writ of error to review a judgment of conviction for contempt under the foregoing statute, and the sole question presented for our consideration is the validity of the statute under which the conviction was had. The nuisance provisions of the National Prohibition Act differ in no material respect from the provisions of the statute of the state of Kansas, considered by the Supreme Court in Mugler v. Kansas, 123 U. S. 623, 8 S. Ct. 273, 31 L. Ed. 305. In answer to a similar objection the court there said:

"Equally untenable is the proposition that proceedings in equity for the purposes indicated in the thirteenth section of the statute are inconsistent with due process of law. 'In regard to public nuisances,' Mr. Justice Story says, 'the jurisdiction of courts of equity seems to be of a very ancient date, and has been distinctly traced back to the reign of Queen Elizabeth. The jurisdiction is applicable not only to public nuisances, strictly so called, but also to purprestures upon public rights and property. * * * In case of public nuisances, properly so called, an indictment lies to abate them, and to punish the offenders. But an information, also, lies in equity to redress the grievance by way of injunction.' * * * The ground of this jurisdiction in cases of purpresture, as well as of public nuisances, is the ability of courts of equity to give a more speedy, effectual, and permanent remedy, than can be had at law. They can, not only prevent nuisances that are threatened, and before irreparable mischief ensues, but arrest or abate those in progress, and, by perpetual injunction, protect the public against them in the future; whereas courts of law can only reach existing nuisances, leaving future acts to be the subject of new prosecutions or proceedings. This is a salutary jurisdiction, especially where a nuisance affects the health, morals, or safety of the community. Though not frequently exercised, the power undoubtedly exists in courts of equity thus to protect the public against injury."

And in reference to the right of trial by jury the court added:

"As to the objection that the statute makes no provision for a jury trial in cases like this one, it is sufficient to say that such a mode of trial is not required in suits in equity brought to abate a public nuisance." See, also, Lewinsohn v. United States (C. C. A.) 278 F. 421; United States v. Reisenweber (C. C. A.) 288 F. 520.

The objection to the validity of the statute is therefore without merit, and the judgment must be affirmed. Whether the case should have been brought here by appeal, instead of by writ of error, is immaterial, in view of section 4 of the Act of September 6, 1916, 39 Stat. 727 (Comp. St. § 1649a).

The judgment is affirmed.