## UNITED STATES v. DUIGNAN.

(Circuit Court of Appeals, Second Circuit. February 2, 1925.)

No. 163.

1. **Jury 14(12) — Defendant in abatement proceedings not entitled to jury trial of issue of nuisance.**

Defendant, in proceedings by the United States to abate liquor nuisance under National Prohibition Act, tit. 2, §§ 21, 22 (Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½k), is not entitled to a trial of issue of nuisance before a jury.

2. **Jury 25(1)—Tenant, who did not answer landlord's cross-bill for cancellation of lease in abatement proceedings, could not claim right to jury trial of issue of nuisance as between tenant and landlord.**

In proceedings against landlord and tenant to abate liquor nuisance under National Prohibition Act, tit. 2, §§ 21, 22 (Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½k), in which landlord filed cross-bill to cancel lease, because of forfeiture thereof under section 23 (Comp. St. Ann. Supp. 1923, § 10138½l), the tenant, having neither answered nor otherwise raised an issue with the landlord, was not in a position to make motion for jury trial as to issue of nuisance as between landlord and tenant.

3. **Cancellation of instruments 10—Equity has jurisdiction to cancel written instruments, in absence of adequate legal remedy.**

Equity has jurisdiction to decree cancellation of written contracts, if plaintiff has no adequate remedy at law.

4. **Appeal and error 185(1)—Tenant, trying abatement case, without denying by pleading jurisdiction of landlord's cross-bill for cancellation of lease, cannot raise question of jurisdiction on appeal.**

In abatement proceedings against landlord and tenant, under National Prohibition Act, tit. 2, §§ 21, 22 (Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½k), where landlord filed cross-bill for cancellation of lease, because of forfeiture thereof under section 23 (Comp. St. Ann. Supp. 1923, § 10138½l) and tenant tried case without denying, by any pleading, jurisdiction of cross-bill, tenant cannot, on appeal, raise question of jurisdiction.

5. **Equity 195—Court had jurisdiction of landlord's cross-bill to cancel lease in abatement proceedings against landlord and tenant.**

In proceedings by government against landlord and tenant to abate liquor nuisance, under National Prohibition Act, §§ 21, 22 (Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½k), court had jurisdiction of landlord's cross-bill against tenant to cancel lease because of forfeiture under section 23 (Comp. St. Ann. Supp. 1923, § 10138½l).

Appeal from the District Court of the United States for the Southern District of New York.

Proceeding by the United States against James Duignan (Degnan), Claud Compani, and Pall Realty Corporation, in which the last-named defendant filed a cross-bill against the first-named defendant. Decree for plaintiff, and for last-named defendant on cross-bill, and first-named defendant appeals. Affirmed.

The Realty Company above named is the owner and Duignan the tenant, under a lease, antedating National Prohibition, of certain premises in New York suitable for, and under the lease once lawfully used for, a hotel, restaurant, and barroom or café. When the dispensing of intoxicating liquor became unlawful in the way previously pursued, Duignan continued the renting of rooms and furnishing of food and sold ostensibly "soft drinks." The premises leased are in a busy and frequented portion of the city, the lease was valuable, and had years to run, and there is evidence that the owner desired to regain possession of the leased land.

Duignan was shown to have been enjoined under the "Volstead Act" (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) before this suit began, and sundry assistants in his restaurant hotel had been convicted of there selling liquor. His lease contained a covenant that he would "comply in all respects with the provisions of all present and future laws relating to the traffic in or sale of liquors." The present suit was brought to abate a nuisance existing on Duignan's premises by his there "habitually, continually, and recurrently" selling and keeping for sale liquor forbidden by title 2 of said statute; such abatement to take the form of physically preventing the use of the premises for one year. Sections 21, 22 (Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½k).

Duignan and an employee of his were the only defendants originally named, but within a week after date of bill, the owner, Realty Company, was made a defendant. Duignan by answer denied that a statutory nuisance existed. Realty Company admitted its existence, but denied that such existence was with its own knowledge, consent, or acquiescence. Realty Company then filed what it calls a "cross-bill for affirmative relief" against Duignan, alleging that he was maintaining a statutory nuisance on the leased premises, against the landlord's will and praying a decree "canceling the lease," and declaring the same forfeited pursuant to title 2, sec. 23 (Comp. St. Ann. Supp. 1923,

§ 10138½l) of the statute, which provides that: "Any violation of this title upon any leased premises by the lessee or occupant shall at the option of the lessor work a forfeiture of the lease."

Duignan never answered this cross-pleading but tried the case on the issue of nuisance or no nuisance, after making a "motion for a jury trial," which was denied. At the close of evidence Duignan moved to dismiss, on various grounds, of which one was that "this proceeding is properly triable by a jury." Decree entered closed the place for six months, declared cancellation of lease, directed Duignan to surrender possession to Realty Company, and the marshal to remove him if such surrender was not made within five days. From this Duignan appealed, assigning for error (1) finding the existence of a nuisance; (2) sustaining the cause of action set out in the cross-bill; and (3) denying a trial by jury.

O'Connor & Donnellan, of New York City (George L. Donnellan and John W. Clancy, both of New York City, of counsel), for Duignan.

Leslie & Alden, of New York City (Warren Leslie, of New York City, of counsel), for Realty Co.

William Hayward, U. S. Atty., and Morris Streusand, Asst. U. S. Atty., both of New York City (John Holley Clark, Jr., Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before ROGERS, HOUGH, and LEARNED HAND, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). We shall not discuss the evidence tending to show that liquor was sold in Duignan's place in such wise as to create a nuisance within the statute; the trial court's ruling was quite within our decisions in Wiggins v. United States, 272 F. 41, and United States v. Reisenweber, 288 F. 520.

[1] Exactly what appellant meant by his motion for a jury trial is not clear from the record. If his thought was to try before a jury the issue of nuisance, the motion had no foundation in law.

The applicable sections of the National Prohibition Law have a long legal history. The legal concept of extending by legislative fiat the definition of a public nuisance to something theretofore legal, and then calling upon equity to abate it, is found in the Kansas statute of 1885, quoted by Harlan, J., in Mugler v. Kansas, 123 U. S. 623, 670, 8 S. Ct. 273, 31 L. Ed. 205; and is there expressed in a form distinctly more violent than are the nuisance sections of the Volstead Act. The thoroughness with which the Supreme Court upheld the Kansas method has been the sustaining foundation of prohibitory legislation of sundry kinds for 40 years, while, as for jury trials, we quoted the rule in the Reisenweber Case, supra, at page 523; and it is that, when the Legislature constitutionally extends the definition of public nuisance to anything, such newborn nuisance, being created for destruction, may be destroyed without jury intervention.

[2] If, however, Duignan's motion be thought to be confined to the case raised by the cross-bill, he was not in a position to make the motion, for he never answered or otherwise raised an issue with the Realty Company.

[3] It is not doubtful that equity has jurisdiction to decree cancellation of written contracts; it is a quite distinct and rather extensive chancery field. Yet it may happen that entry thereupon must be denied a plaintiff, because he has an adequate remedy at law, and we shall now assume that Duignan deemed that Realty Company's cross-bill was equivalent to an ejectment or dispossess proceeding under the New York statute, where juries are of right.

[4] If so, he was obliged by some pleading to raise the jurisdictional question. If he had answered on the merits, and tried the case without denying jurisdiction, he would be concluded, under Southern Pacific Co. v. United States, 133 F. 651, 66 C. C. A. 581, and cases cited; and a fortiori is he concluded by trying the case fully while in default for want of an answer.

[5] We are not unaware that, even had Duignan fully pleaded lack of jurisdiction in the District Court to try the cross-bill, either with or without a jury, his contention has met with defeat in Grossman v. United States (C. C. A.) 280 F. 683, and United States v. Boynton (D. C.) 297 F. 261. The subject is interesting, but is not now before us.

Decree affirmed, with costs.