KLING et al. v. UNITED STATES.*

(Circuit Court of Appeals, Sixth Circuit. November 14, 1925.)

No. 4345.

Jury ⬅14(12)—Abatement of liquor nuisance without jury trial authorized by National Act.

Under National Prohibition Act, tit. 2, §§ 21, 22 (Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138¼k), court of equity has power to abate the nuisance of a building used for illegal sale of liquor, and enjoin its use for a year, without trial by jury, and, so construed, act is not unconstitutional.

Appeal from the District Court of the United States for the Southern Division of the Eastern District of Michigan; Charles C. Simons, Judge.

Suit by the United States against Kurt Kling and others. From a judgment abating a liquor nuisance, certain defendants appeal. Affirmed.

On November 16, 1923, the United States commenced a suit in chancery, under the provisions of section 22 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½k), against William Rogers, Carl Meyers, and Phil Kling Brewing Company, for the purpose of enjoining and abating a common nuisance, as defined in section 21, title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½jj), alleged to be then existing upon the premises known as Doerr's Inn, in or near the city of Detroit, Mich., and more particularly described in paragraph 4 of the bill of complaint.

Later, it appearing that the charter of the Phil Kling Brewing Company had expired, an amended bill was filed, omitting the Phil Kling Brewing Company, and making Kurt Kling, Emelia Kamper, and Josephine Kling parties defendant. The amended bill of complaint alleged, among other things, that the premises described in the petition and owned by Kurt Kling, Emelia Kamper, and Josephine Kling were used and occupied by William Rogers for the sale of intoxicating liquors, contrary to the provisions of the National Prohibition Act; that Rogers was the proprietor of the business, and was aided, assisted, and abetted by the defendant

*Certiorari denied 46 S. Ct. 203, 70 L. Ed. ——.

Carl Meyers, and various other employés and associates; and that the defendants Kurt Kling, Emelia Kamper, and Josephine Kling had knowledge or reason to believe that said premises, property, and building were so used and occupied by Rogers and his employés and associates for the unlawful sale of intoxicating liquors.

The defendants William Rogers and Carl Meyers offered no defense. The defendants Kurt Kling, Emelia Kamper, and Josephine Kling filed a motion to dismiss the complaint against them, upon the ground that the amended bill of complaint did not state facts sufficient to entitle plaintiff to any relief as against these three defendants. At the same time they filed a joint answer, admitting they were the owners of the property, and denying all other material allegations, and particularly that they had knowledge or means of knowledge that intoxicating liquor was generally kept and sold upon these premises.

The defendants offered no evidence, and the court, upon the evidence introduced by the government, found as a fact that "a common nuisance as outlined in the National Prohibition Act existed on the premises described in the bill of complaint during the period and at the times therein stated, and that the material allegations in the original and amended bills are true," and entered a decree enjoining the defendants from maintaining a nuisance upon the premises described, and from occupying or using the buildings on said premises for any purpose whatsoever for the period of one year from the date of the decree, unless authorized by the further order of the court. From this decree the answering defendants appealed.

F. Henry Wurzer, of Detroit, Mich. (Wurzer & Wurzer, of Detroit, Mich., on the brief), for appellants.

Delos G. Smith, U. S. Atty., of Detroit, Mich.

Before DONAHUE and MOORMAN, Circuit Judges, and SESSIONS, District Judge.

DONAHUE, Circuit Judge (after stating the facts as above). [1, 2] It is claimed on the part of the appellants that a court of equity has no power to deprive these defendants of the use of their property without a trial by jury, and that, if sections 21 and 22 of title 2 of the National Prohibition Act are so construed, they are unconstitutional. This court held in the case of Remus v. U. S. (C. C. A.) 291 F. 513, 517, that Congress, in ex-

ercise of the specific power granted by the Eighteenth Amendment, has authority to declare that any building kept and maintained for the illegal manufacture and sale of intoxicating liquor, shall be deemed a common nuisance. Mugler v. Kansas, 123 U. S. 624, 8 S. Ct. 273, 31 L. Ed. 205.

It was also held by the Supreme Court in Mugler v. Kansas, supra, that the equity power conferred upon the courts by the statute of the state of Kansas to abate a public nuisance without a trial by jury is in harmony with the settled principles of equity jurisprudence. The same conclusion was reached in U. S. v. Duignan (C. C. A.) 4 F.(2d) 983; Denapolis et al. v. U. S. (C. C. A.) 3 F.(2d) 722; U. S. v. Reisenweber et al. (C. C. A.) 288 F. 520.

It is further claimed on behalf of the appellants that any construction or interpretation of sections 21 and 22 of the National Prohibition Act that would have the effect or result in taking away the owner's right to the lawful and proper use of his property without introducing a scintilla of evidence or ground against them is a violation of the Fifth Amendment to the Constitution of the United States.

In answer to this it is sufficient to say that no such question is presented by this record. There is ample evidence of knowledge on the part of the owners that a nuisance was being maintained on these premises.

Judgment affirmed.