## UNITED STATES v. CUNNINGHAM.

District Court, D. Nebraska, Chadron Division.
September 28, 1927.

No. 45.

Jury ☞21(1)—Court of equity held without power to find defendant guilty of "bootlegging" as basis for injunction (Const. art. 3 § 2; National Prohibition Act [27 USCA § 38]).

In view of Const. art. 3, § 2, providing that "the trial of all crimes * * * shall be by jury," a court of equity is without power to adjudge a defendant guilty of "bootlegging" as basis for granting of an injunction, so as to punish defendant for contempt for a subsequent violation, under National Prohibition Act, tit. 2, § 24 (27 USCA § 38).

In Equity. Suit by the United States against Fred Cunningham. On motion to dismiss bill. Granted.

J. M. Fitzgerald and L. L. Raymond, both of Scottsbluff, Neb., for the motion.

WOODROUGH, District Judge. In the bill in equity which the government has filed in this case the judge is asked to find that the defendant is guilty of certain crimes against the liquor laws included in the general term "bootlegging," and the prayer of the bill is that the judge issue a writ of injunction commanding the defendant to quit bootlegging. If, in the face of the judge's command, the defendant should again violate any such provision of the liquor law (or witnesses should claim that he did), then it is within the purview of the bill that the judge shall cast defendant into jail for contempt of court. Section 24, tit. 2, National Prohibition Act (27 USCA § 38).

Not admitting that he has committed any crimes, the defendant, by appropriate motion, denies that any judge has the power to try him upon such an accusation, and asserts his immunity under article 3, § 2, Constitution of the United States: "The trial of all crimes, except in cases of impeachment, shall be by jury."

To my mind the matter does not admit of argument or debate. Every person in the United States, citizen or alien, is immune from trial before a federal judge for crime, and a fair trial by jury of his peers is the absolute right of every person accused of crime, against the laws of the United States safeguarded and settled in plain terms in our Constitution beyond the reach of any rational questioning and secure from sophistry or quibbling.

If, as charged in this bill, this defendant has a bad reputation as a bootlegger, let the matter be inquired into, a charge formulated, and a jury of his peers called together. But the bill in equity, though it is based upon a section of an act of Congress, calls upon the judge to do that thing which the Constitution of these United States forbids that any federal judge shall ever do—to try a person for crime and deprive him of his liberty without a jury.

The bill should be dismissed; and it is so ordered.