## UNITED STATES v. DOE et al.

District Court, E. D. New York.   June 3, 1929.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y.

John MacGregor, of New York City (Joseph H. Wackerman, of Brooklyn, N. Y., of counsel), for defendant Albert Lionette.

Joseph H. Wackerman, of Brooklyn, N. Y., for defendant Norma Lionette.

Otis S. Carroll, of New York City (Charles Furnald Smith, of New York City, of counsel), for defendant Burdet Const. Corporation.

GALSTON, District Judge.   This is an action in equity brought by the United States for an injunction to restrain the defendants, pursuant to section 22 of title 2 of the National Prohibition Act (27 USCA § 34), from maintaining certain premises at No. 80 Clark street, borough of Brooklyn, state of New York, as a place where intoxicating liquor is sold.

The defendants Albert Lionette and Norma Lionette, as the alleged owners and proprietors of the business conducted on said premises, denied that they maintained any nuisance on the premises; and the defendant the Burdet Construction Corporation (hereinafter referred to as the landlord), as the alleged owner of the premises, denied any knowledge or information sufficient to form a belief as to the allegations alleging the maintenance of a nuisance, and filed its cross-bill against its codefendants, alleging that, "if the court finds" that the allegations of the bill be true, a decree be entered "cancelling and forfeiting the lease made to the said Albert Lionette" and one Frank Van Hennik.

The defendant Van Hennik named in the cross-bill was not served with process either in the main bill or the cross-bill, and does not appear in this action.

As between the government and the defendants to the main suit, there apparently is no issue, for the tenants consented to the entry of an interlocutory decree enjoining the maintenance of the alleged nuisance and permitting them to suspend the operation of the injunction until the entry of a final decree on filing a bond in the sum of $1,000.

The issues at the trial were therefore narrowed to the allegations of the cross-bill and the answers thereto.   The defendants Lionette conceded that two convictions were had against Albert Lionette.   It appears that Albert Lionette, on November 3, 1926, pleaded guilty to having unlawfully sold intoxicating liquor for beverage purposes in violation of the National Prohibition Act, and again on April 12, 1928, pleaded guilty for possession of intoxicating liquor in the said premises and for having maintained a common nuisance in violation of the National Prohibition Act.   Counsel for the defendants Lionette, in a preliminary statement to the court, stated that there was a question of who actually was the tenant of the premises; secondly, that he desired to have the landlord prove that it had never received any notice of violation of the premises; and, thirdly, he moved to dismiss the cross-bill on the ground that it failed to state facts sufficient to constitute a cause of action, and that it failed to allege that there was no adequate remedy at law.

The defendants Lionette having admitted the violations referred to, permission was given to the landlord to amend its cross-bill by setting up these convictions, and the motion to dismiss the cross-bill for insufficiency was denied.   At the trial the cross-bill was amended by setting up these convictions.

The landlord introduced in evidence a lease of the premises in question to Frank Van Hennik and Albert Lionette.   From the testimony of the witness Rock, on behalf of the landlord, it seems that the landlord had no knowledge of the violation of the Prohibition Law by the occupants of the premises until December, 1928.

In Grossman v. United States (C. C. A.) 280 F. 683, the court said:

"The owners, professing to be law-abiding citizens, desirous of respecting the law, anxious to protect their property, but uncertain as to the facts, answered in the equity suit and asserted that they were innocent of any wrongdoing and that they wished the

lease terminated, and prayed for its termination and the ouster of the codefendant Grossman.

"These facts, if established, would appeal favorably to a court of equity. The court might not conclude to dispossess the landlord, if it appeared that he was innocent of the uses to which his property was being put by the tenant and manifested a desire to co-operate in abating the nuisance. * * * On the other hand, the landlord who repudiates the tenant's action immediately upon learning of the facts, and who at the first opportunity avails himself of a remedy open to him to oust the tenant from the premises, necessarily places himself in a position of vantage when it comes to the terms of the decree finally entered.

"We have, then, under consideration a cross-bill where the subject-matter is germane to that of the original bill. The relief sought was expressly provided for by the statute."

In United States v. Boynton et al. (D. C.) 297 F. 261, the court, in considering the section of the statute in question, said:

"In the present case the very facts relied on by the plaintiff [i. e., the United States] in support of the decree sought by it might also entitle the intervenors to the relief prayed by them. The situation renders the right to set up the cross-complaint in question peculiarly applicable and appropriate. Grossman v. United States, 280 F. 683 (C. C. A. 7).

"Such practice enables the government and the innocent lessor of premises used as a nuisance under the National Prohibition Act to co-operate to the advantage of both."

Judge Hough, writing for our Circuit Court of Appeals in United States v. Duignan, 4 F.(2d) 983, said:

"We are not unaware that, even had Duignan fully pleaded lack of jurisdiction in the District Court to try the cross-bill, either with or without a jury, his contention has met with defeat in Grossman v. United States (C. C. A.) 280 F. 683, and United States v. Boynton (D. C.) 297 F. 261. The subject is interesting, but is not now before us."

Thus under the authorities I am persuaded that the landlord would be entitled to a cancellation or forfeiture of the lease for the premises in question as prayed for in its cross-bill, if all the parties to the lease were before the court. Unfortunately for the Burdet Construction Corporation, one of the colessees, Frank Van Hennik, who is named as a party defendant in the cross-bill, was not served in the proceeding. Consequently the court has no jurisdiction over him. Although the defendants did not raise this point, manifestly, in the circumstances, the court cannot cancel or forfeit the lease.

A decree may therefore be entered dismissing the cross-bill and granting the plaintiff, the United States of America, the relief prayed for in its bill of complaint against the defendants. The decree shall provide that the premises be padlocked for a period of three months; however, the decree may be suspended by the filing of a bond in the sum of $1,000.