MARKOVIC v STATE

ZAGG v STATE

VASSO v STATE

Ohio Appeals, 7th Dist, Mahoning Co

No 1583. Decided June, 1929

ROBERTS, J.

In regard to the first specification of alleged error above quoted, it is claimed that in these cases the defendants below should have been arraigned and have pleaded guilty or not guilty preliminary to a hearing upon the merits.

These contempt proceedings were brought by virtue of **13195-3 GC.**

It is claimed by counsel for plaintiffs in error that contempt proceedings are criminal in nature, and that the provisions of Section 13629 of the General Code providing for arraignment of accused are applicable thereto. No authorities have been cited however, and we have found none to the effect that an arraignment and plea are necessary as in regular criminal proceedings where the defendant is accused of the commission of a wrongful or criminal act. A contempt proceeding is one for the purpose of punishing a person found guilty of interfering with the regular legal and ordinary juridicial proceedings.

Cornelius on Search and Seizure, Section 542.

Vol. 13 C. J., page 73.

The conclusion is reached that irrespective of the fact as to whether or not an arraignment was made in these cases, that arraignment and plea was not necessary or essential.

Concerning the second ground of alleged error it seems to assume that the action in which the contempt proceeding is alleged to have occurred, grew out of a restraining order, under what is commonly known as the pad lock law, was based upon a violation of the liquor law, and that the convictions which the petition sets forth were based upon a city ordinance governing the possession of intoxicating liquors, which ordinance this court has heretofore found to be illegal and void by reason of penalty provided for in excess of that authorized by statute.

An examination of the pleadings, journal entries and evidence in these cases does not indicate that they are based upon a violation of a municipal ordinance or upon conviction of intoxicating liquor violations. The petition of the law director alleges the use of the place as a business place where intoxicating liquors have been bartered and sold and possessed and kept for sale to the extent of constituting a nuisance, the abating of which was the purpose of the actions. Specific violations of law are not alleged nor charged as a substantive offense in these actions.

Allen v. U. S., 278 Fed., 429.

Lewinsohn v. U. S., 278 Fed., 421.

We find no prejudicial error in these cases and the judgment of the Court of Common Pleas in all of them is affirmed.

Pollock and Farr, JJ, concur.