## SIMON v. UNITED STATES.

### No. 6757.

Circuit Court of Appeals, Ninth Circuit.

Nov. 28, 1932.

Rehearing Denied Feb. 13, 1933.

E. J. Botts, of Honolulu, Hawaii, and Herbert Chamberlin, of San Francisco, Cal., for appellant.

Sanford B. D. Wood, U. S. Atty., of Honolulu, Hawaii, and Geo. J. Hatfield, U. S. Atty., and Albert E. Bagshaw, Asst. U. S. Atty., both of San Francisco, Cal.

Before SAWTELLE, Circuit Judge, and NETERER and ST. SURE, District Judges.

ST. SURE, District Judge.

Appeal from a judgment of the District Court of the United States for the Territory of Hawaii, adjudging defendant Sally Simon, alias (hereinafter called appellant), guilty of contempt of court.

The record shows the filing of a bill for injunction, under sections 22 and 24 of title 2, National Prohibition Act (sections 34 and 38, title 27, USCA), wherein appellant was accused of violating sections 21 and 23, title 2, National Prohibition Act (sections 33 and 35, title 27, USCA) in connection with premises at No. 1009 Third avenue in Honolulu. The bill was taken pro confesso upon default, and resulted, on January 13, 1930, in a permanent injunction, enjoining appellant from doing or committing the acts denounced by that portion of section 23, title 2, of the said act, which now appears as section 35, title 27, of the USCA. Thereafter, on June 10, 1931, an affidavit and a verified information were filed in the suit, charging appellant with four separate sales of intoxicating liquor at No. 1428 Whitney street, Honolulu. Appellant was taken into custody under an attachment writ to answer for alleged contempt of court in violating said injunction. At the conclusion of the contempt hearing, counsel for appellant moved that the proceedings be dismissed and appellant discharged, on the ground (1) that the evidence tended to show a criminal violation and appellant was entitled to a trial by jury, and (2) that the decree of January 13, 1930, was void, and the court was without jurisdiction. The motion was denied, and appellant duly excepted.

Appellant was adjudged guilty of contempt, and sentenced to imprisonment for a period of one year.

Appellant contends that section 35, title 27, USCA, is unconstitutional, and that all proceedings thereunder or in furtherance thereof are invalid. It is urged that the section is violative of the provisions of the United States Constitution relative to the right of trial by jury (article 3, § 2, and Sixth Amendment), and due process of law (Fifth Amendment).

In considering an act of Congress, a construction that might render it unconstitutional is to be avoided: "A statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score." United States v. Jin Fuey Moy, 241 U. S. 394, 401, 36 S. Ct. 658, 659, 60 L. Ed. 1061. See, also, United States v. Standard Brewery, 251 U. S. 210, 220, 40 S. Ct. 139, 64 L. Ed. 229.

Appellant relies upon decisions of the District Court of Nebraska, entitled United States v. Cunningham (D. C.) 21 F.(2d) 800, and United States v. Cunningham (D. C.) 37 F.(2d) 349. In the latter case, wherein Judge Woodrough reviewed his former opinion, it was held that section 35, "in so far as the act intends to and does provide a means to punish the defendant for a crime without trial by jury, it is unconstitutional." In the same district, Judge Munger, in a well-considered opinion, held to the contrary. United States v. Lockhart (D. C.) 33 F.(2d) 597.

Section 33 defines a common nuisance when applied to property, and section 35 defines a nuisance when applied to an offending person, and either or both nuisances may be enjoined in a proper case under the provisions of section 38, authorizing a court of equity to summarily try and punish a defendant for contempt for violation of an injunction restraining continuance of a nuisance.

In Wedel v. United States, 2 F.(2d) 462, this court held that section 38 is constitutional and valid. Upon the power of courts to summarily punish for contempts, see, also, Eilenbecker v. District Court of Plymouth County, 134 U. S. 31, 37, 40, 10 S. Ct. 424, 33 L. Ed. 801.

In contempt proceedings, a defendant is not entitled to a trial by jury without statutory authority, and then only in the particular cases to which the statute applies.

Donato v. United States (C. C. A.) 48 F.(2d) 142.

It is next contended that the injunction which appellant was charged with violating was invalid because the injunction did not conform to the scope and object of the prayer contained in the bill.

The bill alleges that it was filed in pursuance of sections 33, 34, 35, and 38 of title 27, USCA. It specifically charges appellant with maintaining a common nuisance as defined in section 33, and also with bootlegging activities, a personal nuisance, as defined in section 35, all at premises located at No. 1009 Third avenue, Honolulu.

The decree and injunction were taken pro confesso, and, phrased conjunctively and disjunctively, restrained appellant from doing or committing "any of the acts set forth in section 23, title 2, of the National Prohibition Act (section 35, title 27, USCA) at any place within the District and Territory of Hawaii, to-wit, with intent to effect the sale of liquor as defined in section 1, title 2 [27 USCA § 4] of the National Prohibition Act," etc.

Appellant calls attention to the fact that the bill contains a prayer for injunctive relief in connection with the abatement of the premises designated, but contains no prayer for general relief; that the bill prays for injunctive relief in personam as follows:

"The complainant further prays that an injunction in personam be issued and granted by this Honorable Court against the defendants, Sallie Sampson, alias Sylvia Simmons, alias Sarah Simon, being the persons who are the owners and proprietors of the business conducted on said premises, enjoining and restraining them from manufacturing, selling, bartering, keeping or storing any intoxicating liquor contrary to the provisions of the National Prohibition Act at any place within the Territory and District of Hawaii." But that "no prayer of the bill sought an injunction in personam to restrain the defendant from doing or continuing to do any of the acts or things specified in said section 35."

From this premise it is argued that the relief granted the complainant exceeded the prayers of the bill, that the injunction was excessive, and therefore invalid, and that the contempt proceedings, resting upon an invalid injunction, must fall.

It is undisputed that appellant was personally served with copies of the temporary order of injunction, temporary writ of in-

junction, the decree, and permanent writ of injunction, each document containing the same restraining language. From these orders of the court, appellant knew that she had been restrained from doing or committing any of the acts set forth in section 35, "with the intent to effect a sale or sales of liquor," "keeping * * * any liquor," and "soliciting and/or taking and/or accepting orders for the sale * * * of liquor as defined in said section 1, title 2 of said National Prohibition Act, * * * at any place within the District of Hawaii."

The affidavits supporting the charges of contempt set forth sales of intoxicating liquors made by appellant. The undisputed evidence taken at the hearing of the contempt charges shows that sales of intoxicating liquors, in violation of law and said injunctions, were made by appellant. Appellant, who was represented by counsel at the hearing, chose to rest her case upon the legal objections presented upon this appeal.

Under these facts and circumstances, appellant cannot object that the bill for the injunction or its prayer was insufficient, since she was required to obey the injunctional orders, regardless of the sufficiency of the bill. See Allen v. United States (C. C. A.) 278 F. 429, 430, wherein the court said: "Where the court has jurisdiction over the subject-matter, the measure of the required observance of a temporary injunctional order is not the bill filed, but the injunctional order itself. To this the defendant in the action must yield obedience, regardless of whether or not a cause of action is technically or sufficiently stated by the bill. If the bill is not sufficient, defendant may move to dismiss it, or may move to dissolve the temporary injunction issued under it." See, also, Howat v. Kansas, 258 U. S. 181, 189, 190, 42 S. Ct. 277, 66 L. Ed. 550.

Appellant's last contention is that a person cannot be punished for contempt when the act complained of amounts to a crime denounced by statute, because so to do would amount to a denial of due process of law in violation of the constitutional mandate requiring trials of crime by jury. This point is without merit. Wedel v. United States, supra; Lewinsohn v. United States (C. C. A.) 278 F. 421, 428, certiorari denied 258 U. S. 630, 42 S. Ct. 463, 66 L. Ed. 800. See, also, In re Debs, 158 U. S. 564, 594, 15 S. Ct. 900, 39 L. Ed. 1092.

The judgment is affirmed.

## On Petition for Rehearing.

In a petition for rehearing appellant calls attention to the case of United States v. Fox, 60 F.(2d) 685, decided by the Circuit Court of Appeals of the Second Circuit since the submission of this case.

The Fox Case and the case at bar are distinguishable. The former was a suit in equity brought by United States against Fox and others to enjoin a liquor nuisance maintained at certain premises, and an appeal was taken directly from an order refusing to vacate a portion of the decree. In the case at bar, appellant was adjudged guilty of contempt of court for violating an injunction issued in a suit in equity brought by the United States against her and restraining her from doing and committing any of the acts set forth in section 23, title 2, National Prohibition Act (section 35, title 27, USCA). No objection was made in the District Court to the bill, or the temporary or final injunctions issued upon it. The appellant was served with both injunctions, violated same, and contempt proceedings followed. She now seeks to collaterally attack the final injunction, which may not be done. Howat v. Kansas, 258 U. S. 181, 189, 42 S. Ct. 277, 66 L. Ed. 550.

The petition for rehearing is denied.